JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Jones
see attached page

**DEFENDANTS**
City of Philadelphia & P.O. Perkins
see attached page

(b) County of Residence of First Listed Plaintiff **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Philadelphia**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joseph J. Schafle., Jr.
2000 Market St.m Ste.1805, Phila PA 19107

Attorneys (If Known)
Jeffrey S. Simons, City of Phila. Law Dept
1515 Arch Street, 14th Flr., Phila. PA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause: Federal Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 4/29/08
SIGNATURE OF ATTORNEY OF RECORD /s/ Jeffrey S. Simons

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID JONES  
2105 S. Lambert Street  
Philadelphia, PA 19145

CIVIL ACTION  
No.

vs.

THE CITY OF PHILADELPHIA  
    and  
OFFICER MICHAEL PERKINS  
c/o City of Philadelphia  
Law Department *14th Floor  
One Parkway *14th Floor  
Philadelphia, PA 19102-1595

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID JONES<br>2105 S. Lambert Street<br>Philadelphia, PA 19145<br>vs.<br>THE CITY OF PHILADELPHIA<br>and<br>OFFICER MICHAEL PERKINS<br>c/o City of Philadelphia<br>Law Department *14th Floor<br>One Parkway *14th Floor<br>Philadelphia, PA 19102-1595 | CIVIL ACTION<br><br>No. |

## CASE MANAGEMENT TRACK DESIGNATION FORM

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through § 2255.   ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.   ( X )

4/28/08
Date

Jeffrey Simons, Esquire
Attorney for Defendants,
City of Philadelphia and P.O. Michael Perkins

(Civ. 660) 7/95

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2105 S. Lambert Street, Philadelphia, PA 19145

Address of Defendant: 1515 Arch Street, 14th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia, Pennsylvania
(*Use Reverse Side For Additional Space*)

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☐

*RELATED CASE IF ANY*:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes ☐ No ☐

CIVIL: (Place ☒ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. θ Indemity Contract, Marine Contract, and All Other Contracts
2. θ FELA
3. θ Jones Act – Personal Injury
4. θ Antitrust
5. θ Patent
6. θ Labor-Management Relations
7. ☒ Civil Rights
8. θ Habeas Corpus
9. θ Securities Act(s) Cases
10. θ Social Security Review Cases
11. θ All Other Federal Questions Cases (Please specify)

B. *Diversity Jurisdiction Cases:*
1. θ Insurance Contract and Other Contracts
2. θ Airplane Personal Injury
3. θ Assault, Defamation
4. θ Marine Personal Injury
5. θ Motor Vehicle Personal Injury
6. θ Other Personal Injury (Please specify)
7. θ Products Liability
8. θ Products Liability – Asbestos
9. θ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION
(*Check appropriate Category*)

I, Jeffrey Simons, counsel of record do hereby certify:

    Pursuant to Local Civil Rule 53, Section 3(c), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____
                                    Attorney-at-Law                         Attorney I.D.
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.
DATE: 4/28/08      /s/ Jeffrey Simons      93784
                                    Jeffrey Simons               Attorney I.D. #

CIV. 609 (9/99)

# Civil Justice Expense and Delay Reduction Plan
# Section 1:03 – Assignment to a Management Track

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, the defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

d) Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

e) Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

# SPECIAL MANAGEMENT CASE ASSIGNMENTS
# (See § 1.02 (e) Management Track Definitions of the
# Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID JONES
2105 S. Lambert Street
Philadelphia, PA 19145
vs.
THE CITY OF PHILADELPHIA
      and
OFFICER MICHAEL PERKINS
c/o City of Philadelphia
Law Department *14th Floor
One Parkway *14th Floor
Philadelphia, PA 19102-1595

CIVIL ACTION

No.

## NOTICE OF FILING REMOVAL

TO:  Prothonotary                          Joseph J. Schafle., Jr. Esquire
     Court of Common Pleas                 2000 Market Street, Suite 1805
     Room 295 City Hall                    Philadelphia, PA 19107
     Philadelphia, PA 19107

**PLEASE TAKE NOTICE** that on April 30, 2008 defendants the City of Philadelphia and Police Officer Michael Perkins, filed in the Office of the Clerk of the United States District Court for the Eastern District of Pennsylvania, a Notice of Removal of the above-captioned matter to the U.S. District Court.

A copy of the Notice of Removal is also being filed with the Clerk of the Court of Common Pleas of Philadelphia County pursuant to 28 U.S.C. §1446(d).

Respectfully submitted

_____
Jeffrey S. Simons, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
     (215) 685-5443

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID JONES**<br>2105 S. Lambert Street<br>Philadelphia, PA 19145<br>vs.<br>**THE CITY OF PHILADELPHIA**<br>     and<br>**OFFICER MICHAEL PERKINS**<br>c/o City of Philadelphia<br>Law Department *14th Floor<br>One Parkway *14th Floor<br>Philadelphia, PA 19102-1595 | **CIVIL ACTION**<br><br>No. |

## NOTICE OF REMOVAL

Petitioners, The City of Philadelphia and Police Officer Michael Perkins the defendants in the above-captioned Civil Action, by and through their undersigned attorney, respectfully place the court on notice of the removal of this action from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania and in support thereof, aver the following information:

1. Petitioners are the defendants in this civil action brought by plaintiff. Petitioners received plaintiff's complaint on April 30, 2008.

2. Attached hereto as Exhibit "A" is a true and correct copy of plaintiff's complaint which is being removed to federal court pursuant to the provisions of 28 U.S.C. §§ 1441 and 1443.

3. In his complaint, plaintiff alleges that the defendants violated his civil rights under the United States Constitution, including his due process rights secured by the Fourth, and Fourteenth Amendments. Federal jurisdiction for this matter therefore exists under 42 U.S.C. § 1983.

**WHEREFORE**, petitioners place the court on notice that the instant matter presently docketed at September Term, 2007, No. 1507, has been removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully Submitted,

_/s/ Jeffrey S. Simons_
Jeffrey S. Simons, Esquire
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19107
(215) 683-5443

Date 4/30/08

Attorney for Defendants
The City of Philadelphia
And Police Officer Michael Perkins

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID JONES
2105 S. Lambert Street
Philadelphia, PA 19145
vs.
THE CITY OF PHILADELPHIA
        and
OFFICER MICHAEL PERKINS
c/o City of Philadelphia
Law Department *14th Floor
One Parkway *14th Floor
Philadelphia, PA 19102-1595

CIVIL ACTION

No.

## CERTIFICATE OF SERVICE

I, Jeffrey S. Simons, Esquire, hereby certify that on April 30, 2008, a true and correct copy of the within Notice of Removal of Civil Action from State Court to the United States District Court was served upon the following listed below by first-class United States Mail, postage prepaid:

> Joseph J. Schafle., Jr., Esquire
> 2000 Market Street, Suite 1805
> Philadelphia, PA 19107

> _____
> Jeffrey S. Simons, Esquire
> Assistant City Solicitor
> City of Philadelphia, Law Department
> 1515 Arch Street, 14th Floor
> Philadelphia, PA 19102

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### VERIFICATION

**Jeffrey S. Simons,** declares, under penalties of perjury, that he is the attorney of record for defendants, City of Philadelphia and Police Officer Michael Perkins, that the facts set forth in the foregoing Notice of Removal are true to the best of her knowledge, and belief, and that on April 30, 2008, he caused to be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of this Notice of Removal together with attachments.

Date 4/30/08

Jeffrey S. Simons
Assistant City Solicitor
Counsel for Defendants
City of Philadelphia and
 Police Officer Michael Perkins

# EXHIBIT A

JOSEPH J. SCHAFLE, JR., ESQUIRE
Attorney I.D. No. 22740
2000 Market Street
Suite 1805
Philadelphia, PA 19107
215-972-7200
215-972-6676 (Fax)

Attorney for **PLAINTIFF**

| | |
|---|---|
| **DAVID JONES** <br> 2105 S. Lambert Street <br> Philadelphia, PA 19145 | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY |
| vs. | CIVIL ACTION |
| **CITY OF PHILADELPHIA** <br> and <br> **OFFICER MICHAEL PERKINS** <br> c/o CITY OF PHILADELPHIA <br> Law Department * 15th Floor <br> One Parkway * 1515 Arch Street <br> Philadelphia, PA 19102-1595 | SEPTEMBER TERM, 2007 <br><br> NO.  001507 |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO, THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

LE HAN DEMANDADO A USTED EN LA CORTE. SI USTED QUIERE DEFENDERSE DE ESTAS DEMANDAS EXPUESTAS EN LAS PAGINAS SIGUIENTES, USTED TIENE VEINTE (20) DIAS DE PLAZO DE LA FECHE DE LA DEMANDA Y NOTIFICACION. HACE FALTA ASENTAR UNA COMPARENCIA ESCRITA O EN PERSONA O CON UN  ABOGADO Y ENTREGAR A LA CORTE EN FORMA ESCRITA SUS DEFENSAS O SUS OBJECIONES A LAS DEMANDAS EN CONTRA DE SU PERSONA. SEA AVISADO QUE SI USTED NO SE DEFIENDE, LA CORTE TOMARA MEDIDAS Y PUEDE CONTINUAR LA DEMANDA EN CONTRA SUYA SIN PREVIO ASISO O NOTIFICACION. ADEMAS, LA CORTE PUEDE DECIDIR A FAVOR DEL DEMANDANTE Y REQUIERE QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA. USTED PUEDE PERDER DINERO O SUS PROPIEDADES U OTROS DERECHOS IMPORTANTES PARA USTED. LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE SI  NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFFICINA CUYA DIRECCION  SE  ENCUENTRA  ESCRITA  ABAJO PARA AVERIGUAR DONDE SE PUEDE  CONSEGUIR ASISTENCIA LEGAL.

**LAWYER REFERRAL SERVICE**
**Philadelphia Bar Association**
**1101 Market Street * 11th Floor**
**Philadelphia, PA  19107**
**(215) 238-6300**

**JOSEPH J. SCHAFLE, JR., ESQUIRE**
ATTORNEY ID 22740
2000 Market Street
Suite 1805
Philadelphia, PA 19103-3205
215-972-7200
215- 972-6676 Fax

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| **DAVID JONES** <br> 2105 S. Lambert Street <br> Philadelphia, PA 19145 <br><br> vs. <br><br> **CITY OF PHILADELPHIA** <br> and <br> **OFFICER MICHAEL PERKINS** <br> c/o CITY OF PHILADELPHIA <br> Law Department * 15th Floor <br> One Parkway * 1515 Arch Street <br> Philadelphia, PA 19102-1595 | COURT OF COMMON PLEAS <br> PHILADELPHIA COUNTY <br><br> CIVIL ACTION <br><br> SEPTEMBER TERM, 2007 <br><br> NO. 001507 |

## CIVIL ACTION COMPLAINT

### #26070 - MISCELLANEOUS

1. At all times mentioned in this Complaint, Plaintiffs, **DAVID JONES**, was residing at 2105 S. Lambert Street, Philadelphia, Pennsylvania 19145.

2. Defendant, **THE CITY OF PHILADELPHIA** is a Municipal Corporation with its principal offices located at 1515 Arch Street * 15th Floor, Philadelphia, Pennsylvania 19102.

3. At all times mentioned in this Complaint, Defendant, **MICHAEL PERKINS** was a Police Officer, employed by the City of Philadelphia and assigned Badge No. 9348. At all times mentioned in this Complaint, Defendant, **MICHAEL PERKINS**, was acting in his official capacity as a Police Officer, and as the agent, servant and/or employee of the City of Philadelphia. Defendant, **MICHAEL PERKINS**, is sued individually and in his official capacity.

4. On or about March 16, 2005, while Plaintiff was lawfully crossing the street, in the vicinity of 15th & Snyder, when a Police car driven by Defendant **MICHAEL PERKINS**, pulled in front of Plaintiff causing him to walk into the car.

5. The Police Officer then grabbed Plaintiff by the throat twisting his arm behind his back and handcuffing Plaintiff.

6. Defendant, MICHAEL PERKINS, intentionally, willfully, knowingly and/or recklessly assaulted Plaintiff, DAVID JONES.

7. Plaintiff was then arrested and charged with disorderly conduct, which charges were ultimately dismissed.

8. As a direct and proximate result of the intended negligent, careless and/or reckless conduct of the police Defendants, DAVID JONES sustained severe and permanent personal injuries, both internal and external, injuries to his head and neck and persistent debilitating pain; various soft tissue injuries including bruises, abrasions and contusions; severe shock and damage to his nerves and nervous system; severe sprain and strain to the various joints, ligaments, muscles and tissues of his body; profound personality change and abrupt mood swings; severe damage to his psyche and to his mental and psychological well-being; and various other ills and injuries, all of which have caused his great pain and suffering, both mental and emotional, and will continue to do so into the future.

9. As a direct and proximate result of the intentional, willful, negligent, careless and/or reckless conduct of the Defendants herein, DAVID JONES has been and will be obligated in the future to receive and to undergo medical attention and care for the injuries he suffered, all to his great detriment and loss.

10. As a further direct and proximate result of the intentional, willful, negligent, careless and/or reckless conduct of the Defendants herein, DAVID JONES suffered a severe loss of his past, present and future earnings and profound impairment of his earning capacity and power.

11. As a further direct and proximate result of the intentional, willful, negligent, careless and/or reckless conduct of the Defendants herein, DAVID JONES suffers and endures severe and excruciating physical and emotional pain, mental anguish and humiliation, and he will continue to so suffer and endure for an indefinite time into the future.

12. As a further direct and proximate result of the intentional, willful, negligent, careless and/or reckless conduct of the Defendants herein, DAVID JONES has been in the past and will continue in the future to be hindered and prevented from attending to some or all of his usual and daily activities and duties, all to his great detriment and loss.

## COUNT I

### DAVID JONES vs. MICHAEL PERKINS
[Civil Rights Action - 42 U.S.C. §1983]

13. Plaintiff, DAVID JONES, hereby incorporated by reference the averments of paragraphs 1 through 12 above, as though fully set forth at length.

14. Pennsylvania Courts of Common Pleas have concurrent jurisdiction with the Federal Courts to hear civil rights actions brought pursuant to 42 U.S.C. §1983, and do not have discretion to abstain from hearing such cases. *Maine vs. Thiboutot*, 448 U.S. 1 (1980); *Howlett vs. Rose*, 496 U.S. 356 (1990); *Murtagh vs. County of Berks*, 535 Pa. 50, 634 A.2d 179, 182-183 (1993), *cert. denied*, 114 S.Ct. 1397.

15 During all the times mentioned in this Complaint, Defendant, MICHAEL PERKINS, acted under and pretense of law, to wit, under color of the statutes, customs, and usages of the Commonwealth of Pennsylvania, to deprive Plaintiff, DAVID JONES, of the rights, privileges and immunities secured to him by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

16. Defendant, MICHAEL PERKINS, acted intentionally, willfully and/or recklessly in assaulting and arresting Plaintiff.

17. Defendant, MICHAEL PERKINS's preparation and filing of the criminal complaint were done with reckless and oppressive disregard of the rights of Plaintiff, DAVID JONES.

18. Due solely to the improper actions of Defendant, MICHAEL PERKINS, Plaintiff, DAVID JONES, was wrongly seized and arrested.

19. As a further result of the improper actions of Defendant, MICHAEL PERKINS, Plaintiff, DAVID JONES, sustained severe personal injuries.

20. Defendant, MICHAEL PERKINS, violated the constitutional rights and other civil rights of Plaintiff, DAVID JONES, by intentionally, willfully and/or recklessly assaulting and arresting Plaintiff.

21. Defendant, MICHAEL PERKINS, acted intentionally, willfully and/or recklessly to deprive Plaintiff, DAVID JONES, of his right to freedom from unreasonable seizure of his person, freedom from arrest without just cause, and freedom from illegal detention and imprisonment.

22. All of the foregoing rights are secured to Plaintiff, **DAVID JONES**, by the Fourth, Fifth and Fourteenth Amendments to the constitution of the United States.

23. As a direct and proximate result of the misconduct of Defendant, **MICHAEL PERKINS**, Plaintiff, **DAVID JONES**, sustained the following injuries and damages in addition to those set forth above:

    a) He sustained the serious personal injuries set forth above;
    b) He was caused to be arrested, booked, finger printed and imprisoned;
    c) He experienced severe humiliation, embarrassment, emotional distress, anxiety, worry, sleeplessness and a loss of self esteem;
    d) He was required to retain legal counsel at great costs and expense;
    e) He has been greatly humiliated and held up to public derision and scorn as a result of her arrest and incarceration; and,
    f) A permanent loss of earning capacity.

24. The actions of Defendant, **MICHAEL PERKINS**, were outrageous and in total disregard for the rights of Plaintiff, **DAVID JONES**, and warrant the imposition of punitive or exemplary damages.

**WHEREFORE**, Plaintiff, **DAVID JONES**, prays that this Honorable Court will enter judgment in his favor and against Defendant, **MICHAEL PERKINS**, in an amount of compensatory damages in excess of the arbitration jurisdiction of this Court, and enter a further judgment of punitive damages also in excess of the arbitration jurisdiction of this Court, together with costs of suit and damages for delay.

## COUNT II
### DAVID JONES vs. THE CITY OF PHILADELPHIA

25. Plaintiff, **DAVID JONES**, hereby incorporates by reference the averments of paragraphs 1 through 24 above, as though fully set forth at length.

26. Defendant, **THE CITY OF PHILADELPHIA**, had violated its duty to exercise reasonable care to secure the safety of Plaintiff, **DAVID JONES**, while he was within the custody of the Police and while he was helpless to aid or protect himself.

27. As a direct and proximate result of the negligence, carelessness and/or recklessness of the Defendant, **THE CITY OF PHILADELPHIA**, and of its violations of duty, the Plaintiff sustained the serious injuries and damages set forth above.

**WHEREFORE**, Plaintiff, **DAVID JONES**, prays that this Honorable Court will enter judgment in his favor and against Defendant, **THE CITY OF PHILADELPHIA**, in an amount of compensatory damages in excess of the arbitration jurisdiction of this Court, together with costs of suit and damages for delay.

Respectfully submitted:

BY: _____
JOSEPH J. SCHAFLE, JR., ESQUIRE
Attorney for Plaintiff

## VERIFICATION

I, JOSEPH J. SCHAFLE, JR., attorney for plaintiff in this matter verify the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief, and I acknowledge this statement is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

_____
JOSEPH J. SCHAFLE, JR.

DATE: 3/8/08